UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Gustavo Lopez-Diaz, | ) | |
| Hiban Abarca-Casarrubias, | ) | |
| Roberto Cruz, | ) | |
| Nestor-Cruz-Vasquez, | ) | |
| Juan Carlos Garcia-Aparicio, | ) | |
| Miguel Angel Jijon-Cruz, | ) | |
| Adolfo Loaeza-Hernandez, and | ) | |
| Rosalino Morales-Garcia | ) | |
| | ) | |
| *Plaintiffs/Counter-Defendants*, | ) | Case No.: 3:13-CV-571-PLR-CCS |
| | ) | |
| v. | ) | |
| | ) | |
| Jim Shipley, d/b/a Hickory Corner Dairy, | ) | |
| and | ) | |
| Ann Shipley, d/b/a/ Hickory Corner Dairy | ) | |
| | ) | |
| *Defendants/Counterclaimants*. | ) | |

## **Memorandum and Order**

Presently before the Court is the plaintiffs' motion to strike a number of the defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f). [R. 17]. The plaintiffs contend the Court should strike the defenses because they are inadequately pled, legally insufficient, and "because inclusion of irrelevant or vaguely pleaded defenses in this case will cause both Plaintiffs and Defendants to waste resources during discovery and will needlessly require the Court to evaluate such defenses when discovery is complete." [R. 18, p. 3].

Rule 12(f) provides that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are disfavored; they are a "drastic remedy to be resorted to only when required for the purposes of justice" and "should be sparingly used by the courts." *Zampieri v. Zampieri*, 2009 WL 3241741, at *2 (E.D. Tenn. Sept. 30, 2009) (quoting

*Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 922 (6th Cir. 1953)); *see also* Wright & Miller, Federal Practice and Procedure, § 1381 ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted."). Motions to strike should only be granted when the pleading to be stricken "has no possible relation to the controversy." *Zampieri v. Zampieri*, 2009 WL 3241741, at *2.

One of the purposes of Rule 12(f) is to clear the docket of unnecessary clutter and expedite resolution of the case. *See, e.g.*, *Smithson v. Aetna Life Ins. Co.*, 2014 WL 340392, at *5 (E.D. Ky. Jan. 20, 2014) (citing *Ardisam, Inc. v. Ameristep, Inc.*, 302 F.Supp.2d 991, 999 (7th Cir. 2004)). However, the plaintiffs' motion to strike achieves precisely the opposite result. The plaintiff's solution to the defendants' affirmative defenses "needlessly require[ing] the Court to evaluate such defenses when discovery is complete" is to ask the Court to evaluate the defenses prior to discovery commencing.[1] Discovery has not yet begun, and the Court has not issued a scheduling order. Without a factual record, the Court is left with little information upon which to reach a decision on the plaintiffs' motion.

The plaintiff's motion to strike would be more appropriately handled after discovery in a motion for summary judgment. Accordingly, the plaintiffs' motion to strike, [R. 17], is **Denied without prejudice** to renewal at a later point in the case.

**It is so ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] "The court wonders at how much energy and expense was invested in the filing of, and opposition to, the instant Motion [to strike affirmative defenses], which energy and expense could better be put to matters that would advance the determination of the merits of the case." *Aros v. United Rentals, Inc.*, 2011 WL 5238829, at *3 n.3 (D. Conn. Oct. 31, 2011).